# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOIS THOMPSON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1303** (BOR Appeal No. 2049558)
(Claim No. 2013016573)

**KLC ITALIAN RESTAURANT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lois Thompson, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. KLC Italian Restaurant, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2014, in which the Board affirmed a June 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 3, 2014, decision to deny authorization for additional physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Thompson, an employee of KLC Restaurant, LLC, was working on December 15, 2012, when an outside door was hit by a truck causing the door knob to close onto her right wrist and thumb. Ms. Thompson's hand and wrist injury was held compensable and she was referred to physical therapy. On January 22, 2013, Ms. Thompson started her physical therapy. Ms. Thompson underwent twenty-one physical therapy appointments until April 17, 2013, when she broke both of her ankles and withdrew from treatment. On September 16, 2013, an independent

medical evaluation was issued by A. E. Landis, M.D. Dr. Landis opined that Ms. Thompson had reached her maximum degree of medical improvement and required no further treatment besides taking over-the-counter anti-inflammatory medications when necessary. Ms. Thompson introduced a letter dated March 30, 2013, from Jordan Chang, PT, DPT, with University Physical Therapy. Ms. Thompson had been referred to University Physical Therapy after her injury in 2012. Mr. Chang stated it was his professional opinion that Ms. Thompson would benefit from continued physical therapy to progress her functional use of her right upper extremity. Mr. Chang also stated that because he had not evaluated Ms. Thompson recently, he could not say conclusively what her functional level was at the time of his letter. On February 3, 2014, based upon the report of Dr. Landis the claims administrator denied the request for physical therapy. Ms. Thompson protested.

The Office of Judges determined that further physical therapy was not medically related and reasonably required to treat Ms. Thompson's compensable injury. The Office of Judges recognized that Ms. Thompson had physical therapy treatments at University Physical Therapy beginning on January 22, 2013. Ms. Thompson had twenty-one physical therapy visits as of the date of her last visit on April 11, 2013. The Office of Judges further found that Ms. Thompson was discharged from physical therapy because she fell, broke both ankles, and was to have a repair of the same on April 17, 2013. The Office of Judges noted that Ms. Thompson was evaluated by Dr. Landis on September 16, 2013. Dr. Landis determined that Ms. Thompson had reached her maximum degree of medical improvement and did not require any additional treatment. The Office of Judges also took into account that Mr. Chang, in his report dated March 20, 2014, stated that in his professional opinion Ms. Thompson would benefit from continued physical therapy to progress her functional use of her right upper extremity. He stated this was based on the level of function Ms. Thompson had demonstrated on her last visit on April 11, 2013. He further stated that because he has not evaluated Ms. Thompson recently he cannot say conclusively what Ms. Thompson's functional level was at the time. The Office of Judges determined that Dr. Landis's opinion was more persuasive because he examined Ms. Thompson more recently and was sure about his evaluation, whereas Mr. Chang stated that he did not examine Ms. Thompson recently and could not say conclusively what Ms. Thompson's level of functioning was. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of Office of Judges and Board of Review. Ms. Thompson has failed to show that another round of physical therapy is medically related and reasonably required to treat her wrist sprain. She has already had twenty-one sessions of physical therapy and was determined by Dr. Landis to be at her maximum degree of medical improvement and was not in need of further treatment. Dr. Landis did say that if she had pain, then she should take over-the-counter pain relievers. Dr. Landis's opinion is more persuasive than the report of Mr. Chang because Mr. Chang could not say conclusively that Ms. Thompson needed additional physical therapy. Dr. Landis determined conclusively that Ms. Thompson was at her maximum degree of medical improvement and needed no further treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II